IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES MILLS,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　) Case No. 15 C 8299
　　　　　　　　　　　　　　　　　　　)
SHAUN PARKER and　　　　　　　　　　)
TARRY WILLIAMS,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　　)

**MEMORANDUM ORDER**

　　　　This Court has just received, fully two weeks after the September 21 date of their filing, copies of three documents in a 42 U.S.C. § 1983 ("Section 1983") action brought by pro se prisoner plaintiff James Mills ("Mills"):[1] the Complaint, an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"), all prepared and submitted on Clerk's-Office-supplied forms. This sua sponte memorandum order is issued at the threshold of the case to identify deficiencies in Mills' submissions that he must cure before the action can be entertained, so that no discussion of the merit or lack of merit in his Section 1983 constitutional claim will be undertaken here.

　　　　This action comes to this Court's calendar by direct assignment pursuant to this District Court's LR 40.3(b)(1)(B), which causes any person in custody who has filed any civil rights action in the past to become the "pen pal" of the same District Judge for later civil rights actions. That procedure, although it may well have some negative aspects, is useful in part because the judge involved can have knowledge of some relevant facts that would be unknown to another

---

[1] It appears that the delay was occasioned by the documents having been misplaced in the docketing department in the Clerk's Office.

judge whose first contact with a prisoner plaintiff is the random assignment of a newly-filed case brought by that prisoner about whom the judge has no information.

In this instance this Court's initial contact with Mills came through his filing on June 8 of this year of another Section 1983 lawsuit -- a lawsuit that, although Mills' current Complaint ¶ III refers to it as still "pending," was actually dismissed by this Court for want of prosecution on July 22 of this year. Unfortunately the same noncompliance by Mills with court requirements that caused that dismissal (in that instance his noncompliance had continued despite two court orders that identified Mills' shortfalls with particularity and ordered him to cure them) is also present here. This memorandum order turns to those deficiencies.

For one thing, Mills has not accompanied the Application with "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint, as is expressly required by 28 U.S.C. § 1915(a)(2). [2] Accordingly Mills must promptly provide this Court with a printout showing the transactions in that account for the six-month period beginning March 19 and ending September 18, 2015.[3]

---

[2] Mills did not have to be a legal scholar or have access to the statute books to know about that requirement, which is <u>specifically</u> referred to on the last page of the Application -- the same page that a prisoner such as Mills is supposed to sign. Here Mills has not filed that last page at all (can that be an intentional omission?), so that he has also not furnished the Certificate that is required to be signed by the fiscal officer at Stateville Correctional Center (where Mills is in custody) relating to the trust fund account statement.

[3] Dkt. No. 5, a copy of which was also delivered to this Court's chambers, is a photocopy of the outside of Mills' envelope addressed to the Clerk of this District Court, reflecting the September 18 mailing of the above-described lawsuit documents that were received in the Clerk's Office on September 21.

To turn to the Motion, it too is deficient in an important -- actually an essential -- respect. Under our Court of Appeals' caselaw, any pro se prisoner litigant who seeks to have a member of the District Court trial bar designated to represent him or her must provide a statement as to the efforts the prisoner has made to obtain counsel on his or her own. There is no mistaking that requirement, for it is specifically called for in Paragraph 2 of the Motion (the only paragraph that contains a blank space to be filled in by the movant). In this instance Mills has left that space in its pristine blank condition.

**Conclusion**

It is frankly astonishing to encounter the deficiencies that have been described here, for they are the selfsame flaws that this Court described in its June 11, 2015 memorandum order in Mills' now-dismissed Case No. 15 C 5037. There is simply no excuse for Mills' having repeated the same errors here, and this Court might well treat his current filing as frivolous in that respect and dismiss this action at the outset. It is however reluctant to do so, so Mills will be granted until October 26, 2015 to cure the deficiencies identified in this memorandum order, failing which this action too will be dismissed for want of prosecution.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 7, 2015