# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES MILLS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 8299 |
| | ) | |
| **SHAUN PARKER** and | ) | |
| **TARRY WILLIAMS**, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

On October 29, 2015 this Court issued a memorandum order ("Order II") that dismissed this action for want of prosecution because pro se plaintiff James Mills ("Mills") had failed to cure the deficiencies identified in plain English terms in this Court's October 7 memorandum order ("Order I"). That three-week time frame should have been ample to enable Mills to provide the missing information -- and importantly in that respect, Mills was not writing on a clean slate:

1. Earlier in 2015 Mills had filed another self-prepared 42 U.S.C. § 1983 ("Section 1983") action that, among other flaws, failed to include the information necessary to enable this Court to make the calculation required by 28 U.S.C. § 1915 and also failed to complete the most critical portion of the Clerk's-Office-supplied form of Motion for Appointment of Counsel. This Court promptly issued a memorandum order that gave detailed information to Mills as to what was needed.

2. When Mills provided no response at all during the three weeks allowed in the memorandum order referred to in paragraph 1, this Court waited another week and then issued a brief July 9 memorandum order that notified Mills it would "hold off until July 20, but no longer, before ordering dismissal of the Complaint and this action" for want of prosecution.

3. When Mills continued to ignore the clear instructions that this Court had provided (he submitted nothing at all after the July 9 order), this Court kept its promise contained in the last-cited forewarning and issued a short July 22 memorandum order that dismissed both Mills' Complaint and the 15 C 5037 action for want of prosecution.

Fast forward to the filing of this action, which came to this Court's calendar by direct assignment pursuant to this District Court's LR 40.3(b)(1)(B). Inexplicably Mills' new lawsuit committed the same errors that he had made in the earlier action described above. When this Court received copies of Mills' filings in that new Section 1983 lawsuit, on October 7 it issued Order I, which spelled out those deficiencies once again and concluded in this fashion:

> It is frankly astonishing to encounter the deficiencies that have been described here, for they are the selfsame flaws that this Court described in its June 11, 2015 memorandum order in Mills' now-dismissed Case No. 15 C 5037. There is simply no excuse for Mills' having repeated the same errors here, and this Court might well treat his current filing as frivolous in that respect and dismiss this action at the outset. It is however reluctant to do so, so Mills will be granted until October 26, 2015 to cure the deficiencies identified in this memorandum order, failing which this action too will be dismissed for want of prosecution.

And when silence then descended with nothing at all coming from Mills by the designated October 26 deadline date, this Court subjected that second lawsuit to the same fate as the earlier case by entering this brief October 29 Order II:

> This Court's October 7, 2015 memorandum order ("Order") identified the errors that pro se prisoner plaintiff James Mills ("Mills") had committed in this action -- astonishingly "the selfsame flaws that this Court described in its June 11, 2015 memorandum order in Mills' now-dismissed Case No. 15 C 5037" -- and granted Mills until October 26 to cure those deficiencies. Mills has submitted nothing whatever by way of response, even though this Court has waited a few days past that October 26 deadline before issuing this follow-up on the Order. Accordingly, as forecast in the Order, this action is dismissed for want of prosecution.

Almost as though none of the events described to this point had taken place, Mills later transmitted to this District Court two documents that were received in the Clerk's Office on November 12: an In Forma Pauperis Application ("Application," Dkt. No. 9) and a Motion for Appointment of Counsel ("Motion," Dkt. No. 10). With only the original of both documents having been transmitted by Mills, this Court learned of their filing only as the result of a month-end printout of a motions report reflecting all motions shown as pending in cases that are or had been assigned to this Court's calendar. And unsurprisingly in light of Mills' earlier lack of performance, an examination of those documents revealed that neither of them conforms to the requirements that this Court had explained to Mills in both of his 2015 cases:

1. As to the Application, the trust fund account statements that accompanied it did not cover the full six-month period preceding the filing of the 15 C 8299 lawsuit.

2. As for the Motion, Mills once again left its critical question -- the paragraph requiring him to describe any efforts he had made to obtain counsel on his own -- totally blank.

No reason appears to justify Mills' pattern of neglect that has been reported here. This Court leaves its October 29 dismissal for want of prosecution intact, and Dkt. Nos. 9 and 10 are denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 3, 2015